IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kyle Cunningham,<br><br>    Plaintiff,<br><br>v.<br><br>Nationwide Credit & Collection, Inc., an Illinois corporation,<br><br>    Defendant. | No.  1:20-cv-2848<br><br><u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Kyle Cunningham, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Kyle Cunningham ("Cunningham"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect defaulted consumer debts that he allegedly owed for medical services.

4. Defendant, Nationwide Credit & Collection, Inc. ("Nationwide"), is an Illinois corporation based in Oak Brook, Illinois, that acts as a debt collector, as defined

by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Nationwide operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Illinois. In fact, Defendant Nationwide was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

5. Defendant Nationwide is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Nationwide conducts extensive business in Illinois by writing to, calling, and making credit reports on, thousands of Illinois consumers.

**FACTUAL ALLEGATIONS**

6. Due to financial difficulties, Plaintiff was unable to pay his debts, including various medical debts. Defendant Nationwide attempted to collect these debts from him via negative credit reports. Unsure of these debts, Mr. Cunningham consulted with counsel about his debt issues and the debts that Nationwide was trying to collect.

7. Accordingly, Mr. Cunningham's attorney wrote to Defendant Nationwide, via a letter dated March 12, 2020, to dispute the debts Nationwide was trying to collect. A copy of this letter and fax confirmation are attached as Exhibit B.

8. On May 11, 2020, Mr. Cunningham obtained and reviewed a copy of his Experian credit report, which showed that Defendant Nationwide had continued to report the debts, but had failed to note that the debts were disputed. The pertinent part of Mr. Cunningham's Experian credit report is attached as Exhibit C.

9. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debts were disputed when Defendant reported, or continued to report, the debts on Plaintiff's credit report impaired his credit rating and his ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debts on Plaintiff's credit report, that the debts were disputed made it appear to Plaintiff that he did not actually have the right to dispute these debts. Defendant's collection actions alarmed, confused and distressed Mr. Cunningham.

10. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA –
### False or Misleading Representations

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th

3

Cir. 2017); and <u>Brady v. Credit Recovery</u>, 160 F.3d 64, 65 (1st Cir. 1998).

14. Defendant, by continuing to report the debts to credit reporting agencies, when it knew the debts were disputed by the consumer, and failing to report that the debts were disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

15. Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

18. Defendant, by continuing to report the debts to credit reporting agencies, when it knew the debts were disputed by Plaintiff, and failing to report that the debts were disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

19. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Kyle Cunningham, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Cunningham, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kyle Cunningham, demands trial by jury.

                                        Kyle Cunningham,

                                        By: /s/ David J. Philipps
                                        One of Plaintiff's Attorneys

Dated: May 12, 2020

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com